IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CYNTHIA YARBROUGH**,<br><br>              Plaintiff,<br><br>       v.<br><br>**STRYKER CORPORATION**, **STRYKER SALES CORPORATION**, **HOWMEDICA OSTEONICS CORPORATION d/b/a STRYKER ORTHOPAEDICS**, and **STRYKER HOWMEDICA, INC.**,<br><br>              Defendants. | Case No. 3:20-cv-00506-IM<br><br>**OPINION AND ORDER** |

Thomas E. Scanlon, Scanlon Law, 65 Southwest Yamhill Street, Suite 200, Portland, OR 92704. Attorney for Plaintiff.

Nancy M. Erfle, Gordon Rees Scully Mansukhani, LLP, 1300 SW 5th Ave., Suite 2000, Portland, OR 97201. Attorney for Defendants.

**IMMERGUT, District Judge.**

This matter comes before this Court on Defendant Howmedica Osteonics Corp.'s ("Defendant")[1] Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF 24. On February 21,

---

[1] The Parties have stipulated to a voluntary dismissal without prejudice of Defendants Stryker Corporation, Stryker Sales Corporation, and Stryker Howmedica, Inc. from this case, leaving Howmedica Osteonics Corp. as the only remaining Defendant. ECF 19.

PAGE 1 – OPINION AND ORDER

2011, Plaintiff Cynthia Yarbrough ("Plaintiff") underwent a right total knee replacement surgery during which a Thriathlon X3 tibial component, Thriathlon universal tibial baseplate X3, size 3x9 cruciate ethaline component, and X3 poly 27mm symmetrical patellar component (collectively "the Triathlon knee device") was implanted in her leg. ECF 17 at ¶¶ 8-9. The Triathlon knee device is designed, manufactured, packaged, marketed, and sold by Defendant. *Id*.

In the Amended Complaint, Plaintiff brings claims for strict products liability (Counts I–III), negligence (Count IV), negligent and intentional misrepresentation (Counts V and VI), and breach of express and implied warranty (Counts VII and VIII). ECF 17. Defendant moves to dismiss the Amended Complaint in its entirety. ECF 24. In response to the Motion to Dismiss, Plaintiff voluntarily dismissed Counts V–VIII without prejudice. ECF 25 at 2. Accordingly, this Court need only consider the sufficiency of Counts I–IV. For the reasons discussed below, the Court grants Defendant's Motion to Dismiss and dismisses the claims against Defendant in Plaintiff's Amended Complaint.

## BACKGROUND

The following facts are taken from Plaintiff's First Amended Complaint, ECF 17. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) ("On a motion to dismiss, all material facts are accepted as true and are construed in the light most favorable to the plaintiff."). On February 21, 2011, Plaintiff underwent a right total knee replacement surgery performed by Dr. David L. Noall at Legacy Emanuel Hospital in Portland, Oregon. ECF 17 at ¶ 8. During the procedure, Dr. Noall implanted the Triathlon knee device designed, manufactured, packaged, marketed, and sold by Defendant into Plaintiff's leg. *Id*. at ¶ 9. There were no complications during the surgery. *Id*. at ¶ 10. Plaintiff tolerated the surgery well and was discharged on February 26, 2011. *Id*.

Seven years later, from about March 29, 2018 to May 11, 2018, Plaintiff was hospitalized at Swedish Hospital in Seattle, Washington, due to septic arthritis of the right knee. *Id.* at ¶ 11. The septic arthritis resulted in Plaintiff suffering five episodes of cardiac arrest and several strokes. *Id.* Plaintiff "later learned the Triathlon knee device was the location, source, cause, or contributing factor of Plaintiff's infection." *Id.* Plaintiff was discharged to a nursing and rehabilitation facility in the Seattle area. *Id.* After several returns to Swedish Hospital, Plaintiff was moved to a nursing and rehabilitation facility in the Portland, Oregon, area. *Id.*

On or about April 1, 2019, Plaintiff underwent surgery to remove and replace the Triathlon knee device. *Id.* at ¶ 12. As a result of the infections caused by the Triathlon knee device, Plaintiff has experienced several cardiac arrests, several strokes, been in a coma, been intubated, underwent several medical procedures including reparative surgery, and underwent physical therapy. *Id.* at ¶ 13.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal*

PAGE 3 – OPINION AND ORDER

*Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (citations and quotation marks omitted).

**DISCUSSION**

**A. Counts I, II,[2] and III – Strict Products Liability**

The first three counts of Plaintiff's Amended Complaint, ECF 17, bring strict products liability claims arising under ORS 30.920. In order to state a claim for strict liability under ORS 30.920, a plaintiff must allege facts showing: "(1) the sale or leasing of a product by one engaged in the business of selling or leasing such products; (2) a product that was expected to, and did, reach the user or consumer without substantial change in condition; (3) a product that, when sold, was in a defective condition unreasonably dangerous to the user or consumer; (4) injury to

---

[2] Plaintiff's Amended Complaint is missing Count II and includes Count III (failure to warn) twice. ECF 17 at 5–7. In response to Defendant's Motion to Dismiss, Plaintiff states that "this office made a typographical error in regard to Count II," but fails to identify the nature of the error. ECF 25 at 4 n.3. Plaintiff has not sought leave to amend and correct this error.

the user or consumer, or damage to his or her property; (5) that was caused by the product's defective condition." *Chong v. STL Int'l, Inc.*, 152 F. Supp. 3d 1305, 1316–17 (D. Or. 2016) (quoting *McCathern v. Toyota Motor Corp.*, 332 Or. 59, 77 n.15 (2001)).

Defendant asserts that Plaintiff's Amended Complaint fails to plead sufficient facts alleging the third and fifth elements listed above. ECF 24 at 5–7. This Court agrees. The Amended Complaint identifies four component parts of the Triathlon knee device that was implanted into Plaintiff's leg. ECF 17 at ¶ 9. Plaintiff does not identify which of the four component parts was defective or the nature of that defect. Plaintiff also fails to identify how the unidentified defect proximately caused Plaintiff's injuries. By merely alleging that the "Triathlon knee device was the location, source, cause, or contributing factor of Plaintiff's infection," Plaintiff fails to put Defendant on notice of the nature of her defect claims. *See id*. at ¶ 11. Instead, Plaintiff recites the elements of her strict liability claims without providing factual allegations describing how or why the Triathlon knee device or its component parts were defective. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations, brackets, and quotation marks omitted). Simply alleging that a device is "defective" is not sufficient to satisfy pleading requirements, and the fact that Plaintiff required a replacement surgery does not alone equate to a defect, particularly in a case involving a complex medical device. *See Lawrence v. Medtronic*, 791 Fed. Appx. 679, 680 (9th Cir. 2020) (affirming the district court's dismissal of claims that were based on product-defect theories of recovery because the "Complaint contains only conclusory allegations, which fail to identify … the specific nature of the [product's] purported defects").

PAGE 5 – OPINION AND ORDER

Even when accepting as true the material facts alleged in Plaintiff's Amended Complaint and construing them in the light most favorable to Plaintiff, this Court cannot draw a reasonable inference that Defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. Rather, the Amended Complaint alleges only the possibility that Defendant acted unlawfully. *See Mashiri*, 845 F.3d at 988. Accordingly, Defendant's Motion is granted as to Counts I–III.

**B. Count IV – Negligence**

Claim IV of the Amended Complaint alleges negligence. ECF 17 at ¶¶ 34–42. To state a claim for negligence under Oregon common law, a plaintiff must show that the defendant owed the plaintiff a duty, that the duty was breached, and that the breach caused the plaintiff harm. *Regan v. Sierra Int'l Mach., LLC*, No. 3:15-cv-2302-PK, 2017 U.S. Dist. LEXIS 104040, at *25–26 (D. Or. July 6, 2017). However, under Oregon's "contemporary jurisprudence, the traditional duty-breach analysis is subsumed in the concept of general foreseeability, 'unless the parties invoke a status, a relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty.'" *Chapman v. Mayfield*, 358 Or. 196, 205 (2015) (quoting *Fazzolari v. Portland School Dist. No. 1J*, 303 Or. 1, 17 (1987)). Despite the contemporary approach, "causation-in-fact and the occurrence of legally cognizable harm (damage) remain as elements of any common-law negligence claim." *Id.* (citing *Oregon Steel Mills, Inc. v. Coopers & Lybrand, LLP*, 336 Or. 329, 340 (2004)). "Thus, when a claim for common-law negligence is premised on general principles of foreseeability, the plaintiff must plead and prove that the defendant's conduct created a foreseeable and unreasonable risk of legally cognizable harm to the plaintiff and that the conduct in fact caused that kind of harm to the plaintiff." *Id*.

As described above, Plaintiff's Amended Complaint fails to allege which component part of the Triathlon knee device, if any, is defective. Plaintiff's negligence claim fails to allege what

about the Triathlon knee device or its component parts created an unreasonable risk or was unreasonably dangerous, what about the device shows Defendant's conduct amounted to a breach of duty, or what alleged defect Defendant knew or should have known about, and how such an alleged defect caused Plaintiff's injury. Instead, the Amended Complaint espouses conclusory allegations that "Defendant failed to exercise ordinary care … in that the Defendant knew or should have known that [the Triathlon knee device] created a high risk of unreasonable, dangerous adverse effects . . . ." *See* ECF 17 at ¶ 36.

Thus, Plaintiff's Amended Complaint fails to allege sufficient facts to state a claim of negligence, and Defendant's motion is granted as to Count IV.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss, ECF 24, and DISMISSES Counts I–IV of Plaintiff's First Amended Complaint, ECF 17. Plaintiff may file an amended complaint within 30 days of the date of this order. *See* Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED**.

DATED this 4th day of January, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge